# Chesapeake Guano Co. *v.* Montgomery.

*Bill in Equity for Injunction.*

1. *Injunction; fraudulent transferee can not maintain bill therefor.* The transferee of the property of a debtor, which was alleged to have been fraudulently disposed of, can not maintain a bill in equity to restrain the enforcement of a garnishment proceeding at law by a creditor of such a debtor pending a suit in equity by other creditors of said debtor, seeking to set aside the conveyance and to subject the same property to the payment of their demands.

[Chesapeake Guano Co. v. Montgomery.]

APPEAL from the Chancery Court of Chambers.

Heard before the Hon. WILLIAM H. TAYLOE.

The facts of the case are sufficiently stated in the opinion. The appeal is taken from a decree of the chancellor overruling the defendant's motion to dissolve the injunction, to dismiss the bill for the want of equity, and the demurrers to the bill, upon the ground that it contained no equity; and the rendition of this decree is assigned as error.

HOUSTON & POWER, LUM DUKE and R. C. SMITH, for appellant.—1. Appellee, who was garnishee in the proceedings at law, made answer of "No indebtedness," which, if maintained would exempt him from the double liability claimed, and fails to show wherein he is prevented in a court of law from establishing the truth of his answer.—3 Pomeroy's Eq. Jur., § 1361; *Knight v. Drane*, 77 Ala. 371.

If appellee's answer in the garnishment proceedings is true, then in that event he would not need the protection of a court of equity by injunction for he can defend at law. If mistaken in his answer then he ought to do equity before asking the aid of a court of equity by offering to pay whatever is right.—*Cunningham v. Beard*, 44 Ala. 317; *Mays v. Williams*, 27 Ala. 270; Pomeroy's Eq. Jur., §§ 392, 910, 935. An injunction will not be granted where the right is doubtful.—10 Amer. & Encyc. of Law, 784, 787, note. Or on mere apprehension of a threatened wrong.—10 Amer. & Eng. Encyc. of Law, 783.

A. & R. B. BARNES and SAMFORD & SON, *contra*.

McCLELLAN, J.—Spraggins, Buck & Co. and others, as creditors of R. G. Williams, filed their bill against said Williams and H. B. T. Montgomery, alleging that Williams had fraudulently conveyed or transferred certain of his property to Montgomery, and praying that said property might be subjected to the payment of their debts against Williams. Pending that suit and before answer therein, the Chesapeake Guano Company instituted an action at law against said Williams and ancillary thereto sued out a writ of garnishment directed to said Montgomery, requiring him to appear and answer

as to indebtedness to Williams and as to property he might have belonging to Williams, &c. Montgomery answered non-indebtedness, and that he had no property or effects of said Williams in his possession, &c. The plaintiff contested this answer on the ground that certain property then held by the garnishee had been fraudulently transferred to him by Williams, and was subject to the satisfaction of plaintiff's judgment against Williams, plaintiff's debt antedating the transfer. At this stage of the proceedings against him as the alleged fraudulent grantee of Williams, Montgomery filed the present bill, setting up the foregoing facts more at large, and averring further that by their bill Spraggins, Buck & Co. and their co-complainants acquired a first lien on the property which he had received from Williams, and that if the transfer should be held invalid in that suit and also in the garnishment proceedings he would be compelled to pay the value of the property both to the complainants in that suit and to the plaintiff in the action at law. The prayer of his bill is for injunction of the garnishment proceedings at law prosecuted by the Chesapeake Guano Co. until the determination of the issue of fraud *vel non* in the Spraggins, Buck & Co.'s litigation, and perpetually if the property held by him should be subjected to the debts of those complainants.

Upon the facts thus averred in his bill, we are of opinion that Montgomery is not entitled to the relief he prays, or any equitable relief. If the transfer by Williams to him is untainted with fraud, and therefore valid, he has a perfect defense at law against the garnishment proceeding, and hence could have no standing in equity. On the other hand, if Montgomery has been guilty of the fraud alleged in the bill of Spraggins, Buck & Co., *et al.* and in the contestation of his answer in garnishment, he is debarred from invoking the interposition of equity by the application and operation of the maxim, he who comes into equity must come with clean hands; or, as otherwise expressed: he that hath committed iniquity shall not have equity.—1 Pom. Eq. Jur., §§ 397–99, 401. On this latter phase of the case, the complainant is seeking protection from a situation resulting from his own fraud and wrong committed against the party who is attacking that fraud and wrong, and whose efforts to that end he thus endeavors to forestall. The

bill was without equity. The motions to dismiss it and to dissolve the injunction for its want of equity should have been granted. The decree of the chancellor over-ruling said motions is reversed; and a decree will be here entered dissolving the injunction and dismissing the bill.

Reversed and rendered.